## Dodson's Executor v. Adair.

(Decided May 25, 1923.)

### Appeal from Mason Circuit Court.

Wills—Bequest of Goods in Building Does Not Include Goods in Transitu.—A bequest to testator's brother of the fixtures, appurtenances, and stock of goods owned by him in any of the buildings devised to the brother and any other articles of personalty used in connection with said buildings, which the evidence showed were used for mercantile business in which the brother had assisted testator, does not give to the brother goods purchased for one of the stores which were not in the buildings at the time of testator's death, but were then in transit either at the railroad station or on the cars, so that such goods passed under the residuary clause.

WORTHINGTON, BROWNING & REED for appellant.

TALBOTT & WHITLEY, VIRGIL CHAPMAN and C. L. DALY for appellee.

Opinion of the Court by Chief Justice Sampson—
Affirming.

The executor of Omar Dodson brought this suit in
the Mason circuit court to obtain a construction of certain
clauses of the Dodson will. The testator for many years
was engaged in the mercantile business in Maysville, and
accumulated a large amount of both real and personal
property. He had no children or descendants. On the
9th of January, 1919, he executed his last will and testa-
ment, which is the subject of this litigation. It was pro-
bated on February 6th, 1919, in the Mason county court.
He died on February 3, 1919. He devised all of his prop-
erty to his brother, Almer Dodson, and to his sister,
Isabella Dodson Adair, setting out the specific real prop-
erty which each should have as well as the personalty be-
queathed to each, attaching a residuary clause to the will
dividing what remained equally between them.

The question presented by this appeal for decision is,
did a quantity of merchandise amounting to $8,840.88,
purchased for his store in Maysville and *in transitu* at
the time of his death, pass under the 8th subdivision of the
second clause of the will to his brother, or did it pass to
both his brother and sister in equal parts under the resid-
uary clause? In his lifetime he operated a wholesale and
retail grocery concern in Maysville. Assisting him in
this work was his brother, Almer. They were both old
men. After directing that his just debts and funeral
expenses be paid the testator made the following provis-
ion:

"2. I give, devise and bequeath to my brother, Almer
Dodson, of Maysville, Kentucky, the following described
parcels of real estate."

Then follows seven items, devising as many parcels
of real property, most if not all of it improved, to his
brother. The 8th clause, which is the one in question,
reads:

"I also give to my said brother all the fixtures and
appurtenances and stock of goods now owned by me in
any of said buildings and any other articles of personal-
ty used in connection with said buildings; also the book
accounts of my said business and notes given to secure
accounts for goods, which are all in the possession of my
said brother."

By the third clause of the will the testator gave to his
sister, Isabella Dodson Adair, of Bourbon county, a num-

ber of tracts of land, most of them improved. He made some other small bequests, and then comes the sixth clause reading:

"I direct that all the household goods in my residence in the Convent building in Maysville, Kentucky, above devised to my brother, be equally divided between my said brother and sister."

The seventh clause of the will reads:

"All the rest and residue of my personal property, which consists principally of bonds and stocks now in my private box in the bank of Maysville and my cash in the bank, shall be equally divided between my said brother and sister."

The residuary clause reads:

"Any other property, real or personal, which I may own at my death I direct shall be equally divided between my said brother and sister."

Both the brother and sister have now passed to the great beyond.

The proper answer to the question presented by this appeal can only be had by ascertaining, if we can, what the testator meant by the clause of his will reading:

"I also give to my said brother all the fixtures and appurtenances and stock of goods now owned by me in any of said buildings (which he gave his brother), and any other articles of personalty used in connection with said buildings; also the book accounts of my said business, and notes given to secure accounts for goods, which are all in the possession of my said brother."

On the real property which he gave to his brother were more than one store building and several residences. In and to these buildings were fixtures and appurtenances. In one of them, a five-story building, was a stock of merchandise of considerable value. This was the testator's place of business. Apparently he wanted his brother, who had assisted him in running the big store, to have not only the building but the stock of merchandise, including the book accounts and all notes given to secure accounts for goods. The clause of the will above quoted specifically gives the stock of goods to the brother, but it adds: "now owned by me in any of said buildings." The goods in question, of the value of more than $8,000.00, were not "now" in any of said buildings. Some of them were in the railroad depot at Maysville, some on the road to Maysville, and one car load of sugar arrived some two or three weeks after the death of testator. Manifestly he

did not give to his brother the goods *in transitu,* nor those at the station, but confined his bequest to "stock of goods now owned by me in any of said buildings." His ownership of the goods *in transitu* was qualified—it was not complete. He had not paid for those goods. Had the goods arrived at the store before the death of the testator, from which time the will speaks, the brother would have taken them under the will, but they had not yet arrived, and, construing the words of the will quoted above according to their natural and usual meaning, the testator did not intend to give to his brother any goods not then in the buildings devised by him to his brother and which goods belonged to the testator.

The foregoing conclusion is sustained by the weight of authority. It has generally been held that goods *in transitu* and which had not arrived before the death of the testator, did not pass under a devise of personal property then on hands, or in a specific building unless the language of the testamentary paper be such as to clearly include the same. Under the title "Property Designated by Locality," 28 R. C. L., page 245, will be found a very interesting discourse upon this subject.

The lower court gave a similar construction to the will, and its judgment is affirmed.

Judgment affirmed.